PITTMAN, Judge,
concurring in the rationale in part and concurring in the result.
As stated in the main opinion, when seemingly inconsistent testimony has been clarified or read in context to reveal its consistency, the later testimony is, in fact, admissible. See Tittle v. Alabama Power Co., 570 So.2d 601, 604-05 (Ala.1990). The statement in Shirley Hines’s first affidavit that “[t]he vehicle that forced [her] off the highway was a rather large truck, similar to the ones you see Alabama Power use, which was white with blue writing on the side,” was consistent with the testimony in her later deposition and her second affidavit regarding the description of the vehicle. The statement in Hines’s first affidavit that blue writing on the side of a white truck of the type Alabama Power uses “was all [she] was able to see before being forced off [the road] by [the white truck]” implies, although it does not expressly state, that she could not read what the blue writing on the side of the white truck said. That implication is inconsistent with her testimony in her later deposition and second affidavit. However, in both Hines’s later deposition testimony and her second affidavit, she explained that, although she did not recall what the blue writing said when she signed her first affidavit, after thinking further about what she had seen when the accident occurred, she was able to picture in her mind what words were written in blue on the side of the white truck and that what was written in blue was “Trinity Contractors.” Thus, in my opinion, Hines clarified the apparent discrepancy between the statement in her first affidavit that blue writing on the side of a white truck of the type Alabama Power uses “was all [she] was able to- see before being forced off [the road] by [the white truck]” and the testimony in her later deposition and her second affidavit indicating that what was written in blue writing on the side of the white truck was “Trinity Contractors.”
I agree with the main opinion, however, that Hines’s deposition statement regarding the timing of her recollection regarding the writing on the truck works to dispel her attempt at clarifying the discrepancy regarding the information she could recall in her first affidavit and the information she could recall in her deposition. Hines’s statement in her deposition *1025 that she had recalled the name on the truck within one to two weeks following the accident negates any explanation regarding her ability to recall the details of the accident by rehashing what had occurred with her children because, if that portion of her explanation were true, she would have known that information at the time she submitted her first affidavit. Because the veracity of Hines’s explanation regarding her recollection of the wording on the truck hinges on the timing of when she was able to recall that information, I agree that Hines failed to properly clarify the discrepancies in her testimony. Hines subsequently failed to explain the discrepancies in the timing of her recollection that she had offered in her deposition and in her second affidavit; thus, the inconsistent statements could not be admissible in accordance with Tittle. I agree, therefore, with the main opinion’s decision to affirm the trial court’s judgment on that basis.
THOMAS, J., concurs.